Case: 21-55651, 06/02/2023, ID: 12727547, DktEntry: 69, Page 1 of 7

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 2 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| OCM GROUP USA, INC., | Nos. 21-55651 |
| --- | --- |
| Plaintiff-Appellant, | 21-55954 |
| v. | D.C. No. |
| LIN'S WAHA INTERNATIONAL CORP., a New York corporation; DOES, 1-10, | 2:19-cv-08917-SB-KS Central District of California, Los Angeles |
| Defendants-Appellees. | ORDER |

Before: Lisa B. Fitzgerald, Appellate Commissioner.

# I. Introduction

The court awarded attorney fees to defendant-appellee Lin's Waha International Corp. (LWI) and referred to the appellate commissioner the determination of an appropriate amount. *See* 9th Cir. R. 39-1.9.

LWI requests $34,981.50 in fees for 75.7[1] hours of work by Brandon J. Witkow of the witkow | baskin law firm in Woodland Hills, California.

| Timekeeper | Position | Admit | Year | Rate | Hours | Fees |
| --- | --- | --- | --- | --- | --- | --- |
| Brandon J. Witkow | Partner | 2000 | 2021 | $450.00 | 14.6 | $ 6,570.00 |
| | | | 2022 | $465.00 | 61.1 | $28,411.50 |
| Total | | | | | 75.7 | $34,981.50 |

---

[1] The total hours are taken from LWI's request page 12, Form 9, and invoices, *see* LWI Req., Docket Entry No. 52-1 at 12; LWI Req., Witkow Decl. Ex. A, Form 9, Docket Entry No. 52-2 at 7; LWI Req., Witkow Decl. Ex. B, Invoices, Docket Entry No. 52-2 at 9-18; and not from LWI's request page 11 or Witkow's declaration paragraphs 4 and 5. *See* LWI Req., Docket Entry No. 52-1 at 11; LWI Req., Witkow Decl. ¶¶ 4, 5, Docket Entry No. 52-2 at 3, 4.

OSA140

LWI is awarded 70.3 hours and $32,470.50 in fees.

## II. Discussion

### A. Attorney Fees

#### 1. Reasonably Expended Hours

##### a. Staffing and Clerical Work

Plaintiff-appellant OCM Group USA, Inc., objects to 18.6 hours because partner Witkow performed the work himself rather than delegating to associates or paralegals and billed clerical work at attorney rates.

Witkow attests that his law firm consists of himself, his law partner, and his wife, Erin Witkow; that he does not employ associates, paralegals, or legal secretaries; and that he sometimes hires and bills as an expense a contract paralegal to assist with clerical tasks (e.g., running tables of contents and authorities, preparing documents for filing or service, and coordinating filing and service of documents). *See* LWI Reply, Witkow Suppl. Decl. ¶ 2, Docket Entry No. 62-2 at 2; *see also* LWI Req., Witkow Decl. Ex. B, Invoices, Docket Entry No. 52-2 at 13.

Despite using a contract paralegal to perform clerical tasks on February 9, 2022, Witkow himself billed for preparing tables of contents and authorities, and coordinating service of hard copies of the briefs, on February 8 and 16, 2022. *See* LWI Req., Witkow Decl. Ex. B, Invoices, Docket Entry No. 52-2 at 13; *see also*

OCM Resp., Docket Entry No. 56 at 13. "Purely clerical or secretarial tasks should not be billed at a paralegal [or attorney] rate, regardless of who performs it." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Witkow's clerical work is billed with related tasks, so the entire time entries are disallowed (4.1 hours; $1,906.50 in fees).

The remaining time entries that OCM argues should have been billed by associates or paralegals at lower rates are legal rather than clerical in nature, and they were permissibly billed at attorney rates. *See* OCM Resp., Docket Entry No. 56 at 13-14; *see also Jenkins*, 491 U.S. at 288 n.10 (describing gray area of tasks that might appropriately be performed either by an attorney or a paralegal); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114-15 (9th Cir. 2008) (the court's role is not to speculate about how a case could have been staffed; the court's inquiry is limited to whether the fees requested by a lawyer are justified).

      **b. Block Billing**

OCM's contention that 32.7[2] hours should be reduced by 20 percent for block billing is unsupported. Most of the time entries OCM identifies were not block billed – they itemized related tasks rather than lumping together unrelated tasks, and it's possible to evaluate the reasonableness of the time requests. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2, 948 (9th Cir. 2007)

---

[2] 4.1 of these hours were disallowed above as clerical work.

(describing block billing); *cf.* OCM Resp., Docket Entry No. 56 at 15,17. The few entries that were block billed involve short periods of time, so do not pose a risk of increasing the time billed, and the requested hours are in line with time requests in similar appeals.

### c. Petition For Rehearing and Fees-On-Fees

OCM's argument that LWI may not recover fees for reviewing OCM's petition for rehearing en banc and researching whether an opposition was required is not well-taken. *See Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003) ("[T]he award of fees should cover every item of service which, at the time rendered, would have been undertaken by a reasonably prudent lawyer to advance or protect his client's interest in the case at bar." (internal quotation marks and citation omitted)). However, billing a total of 1.8 hours on July 7, 2022 is excessive for this work; 0.5 hour is allowed (a reduction of 1.3 hours and $604.50 in fees).

OCM's argument that the rehearing and fee-related work is not recoverable under Federal Rule of Appellate Procedure Rule 38 is inapposite because there is no indication that the panel relied on Rule 38 in awarding fees. After the panel affirmed the district court's award of fees under the Lanham Act, *see OCM Grp. USA, Inc. v. Lin's Waha Int'l Corp.*, Nos. 21-55651 & 21-55954, 2022 WL 2235782, at *2 (9th Cir. June 22, 2022), LWI requested fees on appeal, principally

under the Lanham Act, and alternately under Rule 38. *See* LWI Req., Docket Entry No. 52-1 at 1-2, 4-8, 13-15. Nothing in the order granting the motion suggests that the panel disagreed with the principal argument in the motion – that fees were warranted under the Lanham Act. *See* Order, Docket Entry No. 63.

### d. Reasonable Hours Summary

LWI's attorney reasonably spent the remaining 70.3 hours, and these hours are awarded. Witkow prepared an answering brief and supplemental excerpts of record, as well as an extension request, responses to oral argument notices, a cost bill, and a fee request. Witkow participated in mediation and presented oral argument remotely by video. LWI does not request fees for preparing a fee reply.

## 2. Reasonable Hourly Rates

OCM argues that Witkow's statement that "intellectual property attorneys at law firms in Los Angeles charge between $300 up to more than $1,000 per hour" is insufficient to satisfy LWI's burden to show that the requested rates are in line with prevailing market rates, and that this court should award no more than the $450 rate the district court awarded for 2019-21 work for the 2022 work on appeal. *See* LWI Req., Witkow Decl. ¶ 3, Docket Entry No. 52-2 at 3; LWI Req., Witkow Decl. Ex. D, Dist. Ct. Order, Docket Entry No. 52-2 at 33. These arguments are not well-founded.

OCM submits no rebuttal evidence regarding 2022 prevailing market rates and presents no valid legal reason for rejecting the requested rates. *See United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105-06 (9th Cir. 2015) (if fee target offers no countervailing evidence or valid legal reason for denying fee request, court's inquiry ends after determining that request is facially reasonable).

LWI's request satisfies the burden to produce evidence that the requested rates are reasonable. *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) (affidavits of movant's attorney and other attorneys regarding prevailing fees in the community are satisfactory evidence of prevailing market rates); *see also Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006) (firm's billing of the rates provides further evidence of prevailing market rates).

Witkow's 2022 rate reasonably is $15 higher than the 2019-21 rate awarded by the district court, due to inflation and Witkow's increased experience. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (court permitted to rely on its own knowledge of customary rates and experience concerning reasonable fees); *see also Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003) ("it was an abuse of discretion ... to apply market rates in effect more than two years *before* the work was performed").

Moreover, LWI's reply includes additional evidence that the requested rates are reasonable. LWI cites two Central District of California awards of higher rates

for comparable attorneys. *See* LWI Reply, Docket Entry No. 62-1 at 9-10; *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate"*)*. Also, Witkow attests that his law partner's and his wife's experience and billing rates are comparable to his rates. *See* LWI Reply, Witkow Suppl. Decl. ¶ 2, Docket Entry No. 62-2 at 2.

LWI's requested rates are reasonable and they are awarded.

**3. Fees Summary**

After disallowing $1,906.50 in fees for clerical work and $604.50 in fees for rehearing work, LWI's reasonable fees total $32,470.50.

**B. Double Costs**

The court did not grant LWI's request for double costs under Rule 38. *See* Order, Docket Entry No. 63.

### III. Conclusion

Attorney fees in the amount of $32,470.50 are awarded in favor of defendant-appellee Lin's Waha International Corp. and against plaintiff-appellant OCM Group USA, Inc. *See* 9th Cir. R. 39-1.9. This order amends the court's mandate.